P. Kristofer Strojnik, SBN 242728
pstrojnik@strojniklaw.com
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
415-450-0100 (tel.)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim, | Case No: |
| Plaintiff, | **VERIFIED COMPLAINT** |
| vs. | **(JURY TRIAL DEMANDED)** |
| OCEANIC SB LP, a California limited partnership, | |
| Defendant. | |

Plaintiff alleges:

## PARTIES

1. Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2. Defendant, Oceanic SB LP, owns and/or operates and does business as the hotel Pacific Crest Hotel located at 433 Corona Del Mar, Santa Barbara, California 93103. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging services. On information and belief, Defendant's hotel was built or renovated after March 15, 2012.

**JURISDICTION**

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

4. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

6. Pursuant to *Arroyo v. Rosas*, supplemental jurisdiction is appropriate over Plaintiff's Unruh claim. On a case-specific analysis, there are no compelling reasons to decline jurisdiction.

**ALLEGATIONS**

7. Plaintiff alleges that Defendant's hotel does not have an accessible means of entry into its Hotel swimming pool in violation of Section 242.2 of the 2010 Standards. An accessible means of entry is an operable pool lift at the swimming pool.

8. The requirement for a pool lift for a person such as Plaintiff is important because she is in a wheelchair and has only one leg, and she cannot otherwise enter a swimming pool without a lift.

9. Plaintiff formerly worked in the hospitality industry. She is an avid traveler across California for purposes of leisure travel and to "test" whether various hotels comply with disability access laws, doing so at least once per month. Testing is encouraged by the Ninth Circuit.

10. In mid-April 2025, Plaintiff personally visited Defendant's hotel, which has a swimming pool. However, when she was at the Hotel, she observed that the Hotel's swimming pool does not have a pool lift or other accessible means of entry for her into the swimming pool. Accordingly, the swimming pool is inaccessible to her even though it is accessible to other, non-disabled persons.

11. Plaintiff gained actual and personal knowledge of a barrier while visiting Defendant's hotel (no pool lift at swimming pool), and as a result, she was deterred from staying at the Hotel.

12. Even assuming she was able to access the Hotel swimming pool, Plaintiff was deterred from lodging at the Hotel because the Hotel does not have any disabled parking spaces. At this time, Plaintiff does not make the allegation, which is an effort to keep the statutory damages at a minimum, but she will insist on marking a disabled parking spot through settlement, and if no settlement occurs, she reserves the right to amend her Complaint to make this allegation.

13. Plaintiff has certain plans of returning and staying at the Hotel in September 2025 during one of her many trips across California, in the hopes that Defendant will have remediated the barrier by then.

14. It is readily achievable and inexpensive to modify the hotel to provide a pool lift.

15. Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

### FIRST CAUSE OF ACTION

16. Plaintiff incorporates all allegations heretofore set forth.

17. Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

18. Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the

1  2010 Standards would neither fundamentally alter the nature of Defendant's lodging
2  services nor result in an undue burden to Defendant.
3     19.    In violation of the 2010 Standards, Defendant's hotel swimming pool
4  does not have a pool lift or other means of accessible entry for a mobility-imparied
5  person in violation of Section 242.2 of the Standards.
6     20.    Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards,
7  as described above, is readily achievable by the Defendant. *Id*. Readily achievable
8  means that providing access is easily accomplishable without significant difficulty or
9  expense.
10    21.    Defendant's conduct is ongoing, and Plaintiff invokes her statutory right
11 to declaratory and injunctive relief, as well as costs and attorneys' fees.
12    22.    Without the requested injunctive relief, Defendant's non-compliance with
13 the ADA's requirements that its swimming pool be fully accessible to, and
14 independently useable by, disabled people is likely to recur.
15    WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   a. DECLARATORY Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

   b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its swimming pool into full compliance with the requirements set forth in the ADA;

   c. Payment of costs and attorney's fees;

   d. Provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION

23.    Plaintiff realleges all allegations heretofore set forth.

4

24. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

25. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

26. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

27. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

28. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its swimming pool into full compliance with the requirements set forth in the ADA;

c. Payment of costs and attorney's fees;

d. Damages in the amount of $4,000.00; and

e. Provision of whatever other relief the Court deems just, equitable and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 21st day of May, 2025.

*/s/ P. Kristofer Strojnik*
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

**VERIFICATION**

5

| | |
|---|---|
| 1 | I declare under penalty of perjury that the foregoing is true and correct. |
| 2 | DATED this 21st day of May, 2025. |
| 3 | |
| 4 | |
| 5 | |
| 6 | _____<br>Theresa Marie Brooke |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |